UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDY ALBERTO ALVAREZ,

                Plaintiff,

      - *against* -

215 NORTH AVENUE CORPORATION, d/b/a
NEW ROC DELI,

                Defendant.

13 Civ. 7049 (NSR)(PED)

**REPORT AND
RECOMMENDATION**

---

TO:    THE HONORABLE NELSON S. ROMÁN,
         UNITED STATES DISTRICT JUDGE

## I.    INTRODUCTION

On October 3, 2013, Plaintiff Rudy Alberto Alvarez ("Plaintiff") commenced the instant action against 215 North Avenue Corporation, d/b/a New Roc Deli ("Defendant"). Dkt. No. 1 ("Compl."). Plaintiff is a resident of New York and lives in New Rochelle. Compl. ¶ 8. Defendant is a corporation operating as a deli providing prepared food with its principal place of business at 215 North Avenue, New Rochelle, New York. Id. at ¶¶ 9, 27.

The complaint asserts claims for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), id. at ¶¶ 46-49, 54-57, failure to furnish proper wage statements pursuant to NYLL, id. at ¶¶ 66-69, liquidated damages, Compl. Prayer For Relief ¶ 9, prejudgment interest, id. at ¶ 7, and attorneys' fees and costs, id. at ¶ 11. The complaint alleges that Defendant's violations of the FLSA and NYLL were willful. Compl. ¶¶ 45, 48, 56, 69.

On August 12, 2014, the Court scheduled a Show Cause Hearing for September 19, 2014 at 12:00 pm. Dkt. No. 6. On September 19, 2014, the Court ordered a default judgment against

Defendant after neither Defendant nor counsel for Defendant appeared at the scheduled Show Cause Hearing for Default Judgment, see Dkt. No. 9; Minute Entry, Sept. 19, 2014. The Court then referred the case to me for an inquest into damages. See Dkt. No. 10.

For the reasons that follow, I recommend that the Court enter judgment against Defendant in the amount of $389,899.38 in damages, as apportioned below, along with prejudgment interest of $62,854.38 up to January 22, 2015 and at a daily rate of $43.74 thereafter, and $11,383.12 in attorneys' fees and costs.

## II.   DISCUSSION

### A.   Applicable Law

#### 1.   Statute of Limitations

The applicable statutes of limitations are six years under the NYLL and two years under the FLSA. See NYLL § 663(3); 29 U.S.C. § 255(a2). However, if an employer's acts are found to be "willful," the statute of limitations under the FLSA increases to three years. 29 U.S.C. § 255(a).

#### 2.   Federal and State Labor Laws

##### a)   Unpaid Overtime Wages

Federal and state law require that employers pay employees one and one-half times their regular rate for any time more than 40 hours that they work in a given week. 29 U.S.C. § 207(a); 12 NYCRR § 146-1.4; see Kolesnikow v. Hudson Valley Hosp. Ctr., 622 F. Supp. 2d 98, 118 (S.D.N.Y. 2009).

2

### b)     Liquidated Damages

Under the FLSA, a plaintiff who is owed minimum or overtime wages may recover an equal amount as liquidated damages. 29 U.S.C. § 216(b). The NYLL also authorizes liquidated damages where an employer's violations were willful, an allegation which the Court deems admitted given the default. See Angamarca v. Pita Grill 7 Inc., No. 11 CIV. 7777 (JGK) (JLC), 2012 WL 3578781, at *8 (S.D.N.Y. Aug. 2, 2012); NYLL §§ 198(l-a), 663(1). Prior to April 9, 2011, a plaintiff was entitled to liquidated damages in the amount of 25 percent of his actual damages. See NYLL §§ 198(1-a), 663(1) (in effect prior to April 9, 2011); see Kuebel v. Black & Decker Inc., 643 F.3d 352, 366 (2d Cir. 2011). As of April 9, 2011, these state damages are set at 100 percent of unpaid wages. See NYLL § 663(1); 2010 N.Y. Sess. Laws, ch. 564 (S.8380) (McKinney).

### c)     Failure to Furnish Proper Wage Statements

New York law obligates an employer to "furnish each employee with a statement with every payment of wages," listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details. NYLL § 195(3). An employee may receive $100 for each work week in which this requirement is violated, for a total not to exceed $2,500. NYLL § 198(l-d); see Liang Huo v. Go Sushi Go 9th Ave, No. 13-CV-6573 (KBF), 2014 WL 1413532, at *5 (S.D.N.Y. Apr. 10, 2014).

### 3.     Prejudgment Interest

Section 5001 of New York's Civil Practice Law and Rules governs the calculation of prejudgment interest. See Pavia v. Around The Clock Grocery, Inc., No. 03 CV 6465 (ERK),

2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005). Courts ordinarily apply a statutory interest rate of nine percent per annum in determining prejudgment interest under New York law. N.Y. C.P.L.R. § 5004.

Section 5001(b) sets forth two methods of calculating prejudgment interest. First, interest may be calculated from "the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). However, "[w]here . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date. Id. Courts have "wide discretion in determining a reasonable date from which to award prejudgment interest." Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir.1994).

### 4.   Attorneys' Fees

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorneys' fee to be paid by the defendant." 29 U.S.C. § 216(b). "Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiffs] to recover . . . reasonable attorneys' fees and costs." Gurung v. Malhotra, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); 29 U.S.C. § 216(b); NYLL § 198(1-a).

To calculate the "reasonable amount of attorneys' fees" owed, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-creates a 'presumptively reasonable fee.'" Gurung, 851 F. Supp. 2d at 591 (citing Millea v. MetroNorth R.R. Co., 658 F.3d 154, 166

4

(2d Cir. 2011)). The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008).

        a)      **Reasonable Hourly Rate**

District courts have broad discretion to determine a fee award. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). To assess the reasonable rate, the Court considers the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." Gierlineer v. Gleason, 160 F.3d 858, 882 (2d Cir.1998) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)).

A reasonable hourly rate is the rate a "paying client would be willing to pay," bearing in mind that a "reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. The Court uses the "hourly rates employed in the district in which the reviewing court sits," which in this case is the Southern District of New York. See In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir.1987).

        b)      **Reasonable Hours Expended**

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." Hirsch v. Sweet N Sour Corp., No. 10 Civ. 5605(JSR) (JLC), 2011 WL 3741008, at *5 (S.D.N.Y. Aug. 25, 2011). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir.1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have

engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). The Court should examine contemporaneous time records that identify the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir.1997).

5.   Costs

An employee who prevails in a wage-and-hour action is entitled to recover costs. 29 U.S.C. § 216(b); NYLL § 663(1). See also, e.g., Santillan v. Henao, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011) ("As a general matter, a prevailing plaintiff in an action under the FLSA or New York's Labor Law is entitled to recover costs from the defendant.").

6.   Default

It is well-settled that in light of Defendant's default, the Court is required to accept all of Plaintiff's allegations as true, except for those pertaining to damages. See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). In order to ascertain the amount of damages, the court must conduct an inquiry sufficient to establish them to a "reasonable certainty," Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and documentary evidence can suffice in lieu of an evidentiary hearing. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). Proof of damages must be based upon admissible, authenticated evidence. House v. Kent Worldwide Machine Works, Inc., 359 Fed. Appx. 206 (2d Cir. 2010).

B.   The Inquest

On September 24, 2014, I issued a scheduling order, Dkt. No. 11 ("Scheduling Order"), directing Plaintiff to file and serve proposed findings of fact and proposed conclusions of law or

an inquest memorandum, and directing Defendant, thereafter, to file and serve a response thereto. The Scheduling Order further provided:

> The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submissions the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

Id. No party sought an evidentiary hearing. On October 23, 2014, Plaintiff filed a motion for default judgment as to damages and Plaintiff filed a Memorandum of Law as part of its inquest submission.[1] Dkt. Nos. 14-15. Additionally, Plaintiff filed a Declaration of [Plaintiff's Counsel] Michael J. Borrelli which included (1) a Declaration of Rudy Alvarez; (2) contemporaneous time records associated with this matter, organized by attorney, paralegal and law clerk (Ex. E); (3) a Bill of Costs and Statement of Costs in this matter (Ex. F and G); (4) all available receipts supporting reimbursable expenses in the Bill of Costs and Statement of Costs (Ex. H); and (5) seven affidavits attesting to the reasonableness of Borrelli & Associates's rates (Ex. I - O). Dkt. No. 16. Defendants did not file opposition papers.

### C.     Recommendations as to Damages

Defendant's default constitutes an admission of liability, and I conclude that the documentary evidence submitted by Plaintiff provides a sufficient basis from which the Court can reasonably ascertain the following damages and other relief.

---

[1] On November 18, 2014, Adam. A. Biggs, Esq. filed a letter correcting a computational error in Plaintiff's pre-judgment interest calculation. Dkt. No. 19. On January 8, 2015, Mr. Biggs filed an amended Memorandum of Law reflecting this and other computational corrections ("Pl. Memo"). Dkt. No. 20.

1.   **Statutes of Limitations**

Plaintiff brings his claims pursuant to NYLL and the FLSA. Here, as Plaintiff alleges that Defendant committed FLSA violations willfully, Compl. ¶¶ 45, 48, 56, 69, which the Court accepts as true by virtue of Defendant's default, the three-year federal period applies. See, e.g., Angamarca, 2012 WL 3578781 at *4; see also Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC, No. 12-CV-5737 (ILG) (JMA), 2014 WL 4954629, at *4 (E.D.N.Y. Oct. 2, 2014) (citing Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009)) ("Willfulness . . . found where an employer knowingly disregards its obligations under the FLSA."). Accordingly, since the Complaint was filed on October 3, 2013, Plaintiff may recover damages arising out of employment going back six years under state law, or from October 3, 2007 onward, and three years under federal law, or from October 3, 2010 onward. All of Plaintiff's claims arise from November 1, 2008 through June 1, 2013. Therefore, Plaintiff's state law claims are within the state statute of limitations period, and Plaintiff's federal law claims beginning October 3, 2010 are within the federal statute of limitations period.

2.   **Federal and State Labor Laws**

   a)   **Unpaid Overtime**

Plaintiff claims that Defendant failed to pay him required overtime. See Compl. ¶¶ 40, 46-49, 54-47. The money owed to Plaintiff for overtime violations is the product of overtime hours not paid and plaintiff's overtime rate. At one and one half times his regular hourly rate of $11.25, Plaintiff's overtime rate was $16.875. See Alvarez Decl. ¶ 10.

Plaintiff is owed overtime payments for the duration of his employment from November

1, 2008 to June 1, 2013, because Defendant did not compensate Plaintiff for hours he worked in excess of forty throughout the entirety of his employment. See Alvarez Decl. ¶¶ 10-11. As Plaintiff worked eighty-four hours per week, Plaintiff's uncompensated overtime hours worked per week is 44. See Alvarez Decl. ¶ 9. There are 239 weeks between November 1, 2008 and June 1, 2013. Plaintiff's uncompensated overtime hours is the product of his 44 weekly overtime hours and the 239 weeks of his employment, which is 10,516 hours. Plaintiff is owed $177,457.50 in actual damages, which is the product of his overtime rate of $16.875 and his 10,516 uncompensated overtime hours.

### b) Liquidated Damages

Most Courts in this Circuit have concluded that prevailing Plaintiffs may receive liquidated damages under both the FLSA and the NYLL on the theory that the awards serve different functions. Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12-CV-4380 (FB)(RML), 2013 WL 6579799, at *6 (E.D.N.Y. Dec. 16, 2013) ("[M]ajority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL."). But see Greathouse v. JHS Sec., Inc., No. 11-CV-7845 (PAE) (GWG), 2012 WL 3871523, at *7 (S.D.N.Y. Sept. 7, 2012) (declining to award both because liquidated damages under the two statutes compensate the same harm), Report and Recommendation, adopted as modified, 2012 WL 5185591 (S.D.N.Y. Oct. 19, 2012). Adhering to the majority view, I recommend that Plaintiff be awarded liquidated damages under both federal and New York law based on his recovery for unpaid overtime wages.

Plaintiff is entitled to receive federal liquidated damages of 100 percent of his uncompensated wages that accrued during the FLSA's statute of limitations period, which is

three years for a defendant's willful violation of the FLSA. See 29 U.S.C. § 255(a). In this case, Plaintiff filed his Complaint with the Court on October 3, 2013. Dkt. No. 1. He has alleged that Defendant's violations of the FLSA were willful. See Compl. at ¶¶ 45, 48, 56, 69. He established that he was employed by Defendant from November 2008 until June 1, 2013. See Alvarez Decl. at ¶ 3. Therefore, the FLSA's three-year statute of limitations period applies, and Plaintiff is entitled to recover liquidated damages on his unpaid overtime wages under the FLSA from October 3, 2010 until June 1, 2013.

Defendant did not compensate Plaintiff at any rate of pay for hours he worked in excess of forty throughout the entirety of his employment. See Alvarez Decl. at ¶¶ 10-11. As Plaintiff worked eighty-four hours per week, Plaintiff's uncompensated overtime hours worked per week is 44. See Alvarez Decl. at ¶ 9. There were 139 weeks during the applicable FLSA statute of limitations period. Plaintiff's uncompensated overtime hours is the product of his 44 weekly overtime hours and the 139 weeks of his employment, which is 6,116 hours. Plaintiff's actual damages from the statute of limitations period is $103,207.50, which is the product of his overtime rate of $16.875 and his 6,116 uncompensated overtime hours from the statute of limitations period. Therefore, Plaintiff is owed $103,207.50 in FLSA liquidated damages.

Plaintiff is also owed liquidated damages under the NYLL. First, Plaintiff seeks 25 percent of his actual damages from the 127 weeks from November 1, 2008 to April 9, 2011. Pl. Memo 8-9. Plaintiff's uncompensated overtime hours from that period is the product of his 44 weekly overtime hours and those 127 weeks, which is 5,588 hours. Plaintiff's actual damages for this time are $94,297.50, which is the product of his overtime rate of $16.875 and his 5,588 uncompensated overtime hours. Therefore, Plaintiff is owed $23,574.38 in NYLL liquidated

damages from November 1, 2008 to April 9, 2011.

Next, Plaintiff seeks 100 percent of his actual damages from the 112 weeks between April 9, 2011 and June 1, 2013. Pl. Memo 9. Plaintiff's uncompensated overtime hours from April 9, 2011 to June 1, 2013 is the product of his 44 weekly overtime hours and those 112 weeks, which is 4,928 hours. Plaintiff's actual damages for this time are $83,160, which is the product of his overtime rate of $16.875 and his 4,928 hours of uncompensated overtime hours. Therefore, Plaintiff is owed $83,160 in NYLL liquidated damages from April 9, 2011 to June 1, 2013.

Therefore, Plaintiff is owed a total of $106,734.38 in liquidated damages under the NYLL, which is the sum of the $23,574.38 he is owed from November 1, 2008 to April 9, 2011 and the $83,160 that he is owed from April 9, 2011 to June 1, 2013.

### c) Failure to Furnish Proper Wage Statements

Plaintiff alleges that Defendant willfully failed to provide him with the required wage statements throughout the entirety of his employment with Defendant. See Alvarez Decl. ¶¶ 15-16. Accordingly, Plaintiff is entitled to the maximum $2,500 in statutory damages pursuant to NYLL §§ 195(3), 198(1-d).

### 3. Prejudgment Interest

Plaintiff seeks prejudgment interest on his unpaid overtime claim. See Pl. Memo, 10-12. The Court finds the midway point between when "plaintiff[s] began and ceased working for defendant[s]" as a "reasonable intermediate date" for purposes of calculating prejudgment interest. Pavia, 2005 WL 4655383, at *8.

In this case, Plaintiff seeks unpaid overtime wages from November 1, 2008 through June 1, 2013. Pl. Memo 11. Plaintiff is thus entitled to nine percent per annum prejudgment interest under N.Y. C.P.L.R. § 5001 on his unpaid overtime claim. Interest should be awarded to Plaintiff in the amount of $62,854.38 up to January 22, 2015 and at a daily rate of $43.74 thereafter.[2]

### 4. Attorneys' Fees

#### a) Reasonable Hourly Rate

Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 216 and NYLL § 663. See Compl. Prayer for Relief ¶ 11; see also Borrelli Decl. ¶ 12. Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced civil rights and employment litigators. See, e.g., Allende v. Unitech Design, Inc., 783 F.Supp.2d 509, 514-15 (S.D.N.Y.2011) (approving rates of $450 for law firm partners in FLSA cases); Wong v.

---

[2] Nine percent per annum is .02465 percent per day. On $177,457.50 of actual damages, interest is $43.74 per day. February 15, 2011 is the mid-point between Plaintiff's first day of employment on November 1, 2008 and his last day of employment on June 1, 2013. See Pl. Memo 11. There were 1,437 days between February 15, 2011 and January 22, 2015. Interest therefore is $62,854.38. See Pac. Westeel, Inc. v. D & R Installation, No. 01CIV.0293(RLC)(AJP), 2003 WL 22359512, at *4 n.5 (S.D.N.Y. Oct. 17, 2003).
  Inexplicably, Plaintiff proposes March 1, 2011 as the mid-point of Plaintiff's dates of employment rather than the true mid-point of Plaintiff's employment, which is February 15, 2011. Additionally, Plaintiff puzzlingly calculates his pre-judgment interest by multiplying his actual damages of $177,457.50 and 9 percent annual interest by 2.25 years (presumably the time period between his proposed mid-point of March 1, 2011 and June 1, 2013, the final date of the period for which he seeks overtime payment) rather than by the amount of time between the midpoint and the date of judgment. Plaintiff's error remains in his final submission despite Plaintiff's multiple amendments to his Memorandum.
  In its discretion, the Court rejects Plaintiff's suggested time frame and abides by the applicable statute and Second Circuit case law to determine the midway point as a "reasonable intermediate date" from which to calculate interest, and the date of judgment as the logical endpoint of this calculation. See N.Y. C.P.L.R. § 5001(b); Pavia, 2005 WL 4655383, at *8.

Hunda Glass Corp., No. 09 Civ. 4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept.1, 2010) (awarding $350 per hour). Additionally, Courts in this District have held a rate of $200 for junior associates and $100 for paralegals to be reasonable. See Agudelo v. E. & D LLC, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013).

Plaintiff is represented by Borrelli & Associates, P.L.L.C. Borrelli Decl. ¶ 1. Plaintiff seeks to recover fees for work performed by Partner Michael Borrelli, Senior Counsel Alexander T. Coleman, Junior Associates Russell J. Platzek, Bradley L. Wilson, and Adam A. Biggs, and paralegals Priscilla Salamanca and Jarissa Peralta. Borrelli Decl. at ¶ 17. Michael Borrelli is the founding and managing member of Borrelli & Associates and has been practicing law with a focus on the litigation of labor and employment law cases for almost thirteen years. Id. at ¶ 33. He oversees all litigation work in cases involving the Firm. Id. at ¶ 45. The hourly rate typically billed for Mr. Borrelli's work is $500, and B&A seeks an hourly rate of $350 in this matter. Id. at ¶¶ 47-48. The Court finds $350 to be an appropriate rate for Mr. Borrelli's work on this case.

Alexander T. Coleman is Senior Counsel at B&A. Id. at ¶ 49. He graduated 7th in his class at American University, Washington College of Law and has handled and managed employment discrimination and wage and hour law cases at B&A since 2010. Id. at ¶¶ 51, 53, 57. The hourly rate typically billed for Mr. Coleman's work is $400, and B&A seeks an hourly rate of $275 in this matter. Id. at ¶¶ 60-61. The Court finds $275 to be an appropriate rate for Mr. Coleman's work on this case.

Russell J. Platzek was an associate with B&A. Id. at ¶ 63. He graduated from University of Minnesota Law School and worked in civil litigation with a number of firms in the Minneapolis area before joining B&A in 2013. Id. at ¶ 64. The hourly rate typically billed for

Mr. Platzek's work is $300, and B&A seeks a rate of $150 an hour in this case. Id. at ¶¶ 65-66. The Court finds $150 to be an appropriate rate for Mr. Platzek's work on this case.

Bradley L. Wilson was an associate with B&A. Id. at ¶ 67. He graduated from Georgia State University College of Law and worked in civil litigation with a number of firms in the Atlanta area before joining B&A in 2014. Id. The hourly rate typically billed for Mr. Wilson's work is $300, and B&A seeks an hourly rate of $150 in this matter. Id. at ¶¶ 68-69. The Court finds $150 to be an appropriate rate for Mr. Wilson's work on this case.

Adam A. Biggs is an associate with B&A. Id. at ¶ 70. Prior to joining B&A in 2014, Mr. Biggs was the Chief Prosecutor in the Collin County District Attorney's Office in McKinney, Texas. Id. at ¶¶ 74-75. The hourly rate typically billed for Mr. Biggs's work is $300, and B&A seeks an hourly rate of $150 in this matter. Id. at ¶¶ 76-77. The Court finds $150 to be an appropriate rate for Mr. Biggs's work on this case.

Priscilla Salamanca and Jarissa Perlata were bilingual paralegals with B&A who assisted with paralegal duties associated with this matter. Id. at ¶¶ 78-79. In order to save translating costs, B&A wrote the Declaration of Rudy Alvarez in English, and then had a Spanish-speaking paralegal read the document to Plaintiff in Spanish. Id. at ¶ 11. Given that Plaintiff is a Spanish-speaker with minimal English skills, it was necessary for one of the Firm's bilingual paralegals to be present during all communications between Plaintiff and the Firm's attorneys. Id. at ¶ 15. The hourly rate typically billed for B&A paralegals is $125, and B&A seeks an hourly rate of $75 in this matter. Id. at ¶¶ 80-81. The court finds $75 to be an appropriate rate for Ms. Salamanca and Ms. Peralta's work on this case.

b)     Reasonable Hours Expended

Plaintiff has provided contemporaneous billing records and seek compensation for 2.9 hours of work completed by Mr. Borrelli, 2.6 hours of work completed by Mr. Coleman, 5.1 hours of work completed by Mr. Platzek, .5 hours of work completed by Mr. Wilson, 49.7 hours of work completed by Mr. Biggs, .4 hours of work completed by Ms. Salamanca, and 9.2 hours completed of work completed by Ms. Peralta. See id. at ¶ 17; see also Exhibit E. The Court has reviewed the information provided by Plaintiff's counsel and paralegal staff as to the 71.3 hours spent on this case, and finds it to be reasonable.[3]

Therefore, I recommend an award of $10,745.00 in attorneys' fees.

5.     Costs

Finally, Plaintiff seeks to recover $638.12 in costs. See Pl. Memo at 19. Plaintiff has properly provided a Bill of Costs, a Statement of Costs, and receipts supporting reimbursable expenses as documentation to support this request. See Borrelli Decl. at ¶¶ 18-19. Therefore, the Court should award a total of $638.12 in costs.

---

[3] Counsel's fee request is well within the range which courts in this Circuit have determined to be reasonable in FLSA default cases. See Castellanos v. Deli Casagrande Corp., 2013 WL 1207058, at *11 (E.D.N.Y. Mar. 7, 2013) (approving 69.2 hours in an FLSA default case); Janus v. Regalis Construction, Inc., 2012 WL 3878113, at *13 (E.D.N.Y. July 23, 2012) (awarding attorneys' fees for seventy hours in an FLSA default case); cf. Shim v. Millennium Group, 2012 WL 2772342, at *6 (E.D.N.Y. July 12, 2010 ("Litigating a simple default should not have reasonably taken more than 150 to 200 hours).

## III.   Conclusion

For the foregoing reasons, I recommend that judgment be entered in Plaintiff's favor against Defendant 215 North Ave. Corp. as follows:  Plaintiff should be awarded $389,899.38 in damages, along with prejudgment interest of $62,854.38 up to January 22, 2015 and at a daily rate of $43.74 thereafter.  I further recommend that Plaintiff be awarded $11,383.12 in attorneys' fees and costs.

Dated:  January 22, 2015
       White Plains, N.Y.

                              Respectfully Submitted,

                              PAUL E. DAVISON
                              UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, from the date hereof to file written objections to this Report and Recommendation. Fed. R. Civ. P. 6(a). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Nelson S. Román, United States District Judge, at the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

A copy of the foregoing Report and Recommendation has been sent to the following:

    215 North Avenue Corporation, d/b/a New Roc Deli
    215 North Avenue
    New Rochelle, NY 10801