UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUDY ALBERTO ALVAREZ,                        :
                                             :
                        Plaintiff,           :        13-cv-7049 (NSR) (PED)
                                             :
        -against-                            :        ORDER ADOPTING REPORT
                                             :        AND RECOMMENDATION
215 NORTH AVENUE CORPORATION, d/b/a          :
NEW ROC DELI,                                :
                                             :
                        Defendant.           :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Pending before the Court is a Report and Recommendation dated January 22, 2015 issued

by Magistrate Judge Paul E. Davison pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil

Procedure 72(b) (ECF No. 22) (the "R&R"). For the following reasons, the R&R is adopted in

its entirety.

## I.   BACKGROUND[1]

      Defendant is a deli located in New Rochelle. Plaintiff worked for Defendant from

November 1, 2008 through June 1, 2013 at the counter. Plaintiff alleges that he worked 84 hours

per week but was not paid for any hours worked over 40 hours per week. He also claims that he

was not furnished appropriate wage notices and statements for the duration of his employment.

Plaintiff asserts claims under New York Labor Law ("NYLL") and the Fair Labor Standards Act

("FLSA").

      Defendant failed to answer or otherwise appear and the Court ordered a default judgment

on September 19, 2014. The Court then referred the matter to Judge Davison for an inquest into

---

[1] Facts are taken from the R&R, unless otherwise noted.



ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/2015

1

damages. Judge Davison issued the R&R upon Plaintiff's submissions.[2]  The R&R recommends

that judgment be entered in Plaintiff's favor and that Plaintiff be awarded $389,899.38 in

damages, prejudgment interest of $62,854.38 up to January 22, 2015 and at a daily rate of $43.74

thereafter, and $11,383.12 in attorneys' fees and costs.  Neither party has filed objections to the

R&R.

## II.   STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense"

if so designated by a district court.  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).

Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and
> file written objections to such proposed findings or recommendations as provided
> by rules of court.  A judge of the court shall make a de novo determination of
> those portions of the report or specified proposed findings or recommendations to
> which objection is made.  A judge of the court may accept, reject, or modify, in
> whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and

recommendation of a magistrate, to which *no timely objection* has been made, a district court

need only satisfy itself that there is *no clear error* on the face of the record." *Wilds v. United*

*Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson*

*v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016,

2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory

committee note ("When no timely objection is filed, the court need only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.").

---

[2] Defendant failed to appear before or make any submissions to Judge Davison.  Affidavits of service for various
court documents have been filed on the docket since the start of this action.

## III.   DISCUSSION

Here, as neither party objected to the R&R, the Court reviews the recommendation for clear error.  The Court finds no error with the R&R on the face of the record.  All figures are supported by admissible evidence, all calculations are arithmetically correct, and all conclusions are supported in law, fact, and sound reasoning.  The R&R correctly calculates actual damages of $177,457.50 for Plaintiff's failure to be paid overtime wages (at an overtime rate of $16.875 per hour, which is 1.5 times the regular rate of $11.25 per hour) for the 44 hours beyond 40 that Plaintiff worked per week from November 1, 2008 through June 1, 2013, a total of 239 weeks.  The R&R correctly finds that the entire time period falls within the six-year statute of limitations for NYLL actions, and correctly calculates liquidated damages under the NYLL of $83,160 from April 10, 2011 through June 1, 2013 (at 100% of actual damages), plus $23,574.38 from November 1, 2008 through April 9, 2011 (at 25% of actual damages).  The R&R also correctly finds that the three-year statute of limitations applies under the FLSA and correctly calculates liquidated damages under the FLSA of $103,207.50 from October 3, 2010 through June 1, 2013 (at 100% of actual damages).  The R&R correctly finds in accordance with the majority view that liquidated damages can be awarded under both the FLSA and NYLL.  The R&R correctly finds that Plaintiff should be awarded the maximum of $2,500 in statutory damages for failure to furnish required wage statements.  The R&R correctly calculates prejudgment interest at the statutory rate of 9% per annum from a reasonable midpoint of February 15, 2011 (halfway between Plaintiff's start and end dates working for Defendant) through January 22, 2015 (the date of the R&R), for a total of 62,854.38, and at a daily rate of $43.74 thereafter until the date of judgment.  Finally, the R&R's findings as to the reasonableness of hourly rates and hours expended for each employee are amply supported in fact and law, the lodestar calculations are

3

correct, and the calculation of costs is supported by the submitted receipts and other evidence. The Court adopts the R&R in its entirety.

## IV.    CONCLUSION

For foregoing reasons, the Court adopts the R&R in its entirety and it is hereby ORDERED that the Clerk of Court shall enter judgment for Plaintiff against Defendant for $389,899.38 in damages; prejudgment interest of $62,854.38 up to January 22, 2015 and at a daily rate of $43.74 thereafter until the date of judgment; and $11,383.12 in attorneys' fees and costs.

Dated: June 19, 2015
       White Plains, New York

                     SO ORDERED:

                     NELSON S. ROMÁN
                    United States District Judge